UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD M. GIOVANINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00158-LJM-DKL |
| ) | |
| MATTHEWS INTERNATIONAL CORP., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Matthews International Corp. ("Defendant Matthews" or "Matthews") has moved for summary judgment on the claims brought against it by Plaintiff Richard M. Giovanini ("Plaintiff Giovanini" or "Giovanini"). Dkt. No. 33. For the reasons stated herein, the Motion is **DENIED**.

## I. BACKGROUND

Defendant Matthews is a manufacturer of caskets. Plaintiff Giovanini is the owner and operator of a funeral home in Clinton, Indiana. Prior to a funeral mass at a local Catholic Church one of the handles of the casket broke upon its removal from the hearse. With the aid of a special cart, the casket was transported into the Church for the funeral and placed back into the hearse for the procession to the cemetery. Upon arrival at the cemetery, no special cart was available. Plaintiff Giovanini offered the decedent's family an intact casket for burial at a later time. The family declined the offer and asked for the burial to proceed apace.

Plaintiff Giovanini joined as a pall bearer and issued new instructions that the casket be carried by grasping its underside. As Plaintiff Giovanini and the rest of the pall

bearers proceeded to the grave site, with Plaintiff Giovanini assisting to carry the casket, he twisted his ankle. He alleges that his injury was the proximate result of the defect in the casket handle.

Defendant Matthews now brings this summary judgment motion alleging that Plaintiff Giovanini has not shown sufficiently that the casket was manufactured by it, that he cannot establish proximate cause as a matter of law, and that the injury suffered by Plaintiff Giovanini was not a natural and probable consequence that should have been foreseen or anticipated by Matthews.

## II.  SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267–68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(a), which provides in relevant part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials showing that a fact either is or cannot be genuinely disputed. Fed. R. Civ. P. 56(c)(1). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Goodman v. Nat'l Sec. Agency, Inc.*. 621 F.3d 651, 654 (7th Cir. 2010). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying applicable evidence. *See Goodman*, 621 F.3d at 654; *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). If the moving party does not have the ultimate burden of proof on a claim, it is sufficient for the moving party to direct the court to the lack of evidence as to an element of that claim. *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must

be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. DISCUSSION

The Court now DENIES the Motion for Summary Judgment. Both proximate cause and foreseeability are issues for a jury in this case. There is no real dispute that Matthews manufactured the casket at issue. With respect to causation, reasonable jurors might conclude that a casket manufacturer should foresee that proceeding to carry a casket to the grave site despite its broken handle is not unreasonable. A reasonable jury might also conclude that Plaintiff Giovanini's injuries were the proximate result of the defect in the casket handle. In short, the issues raised by the Plaintiff's Complaint are for a jury to decide.

### IV. CONCLUSION

For these reasons, Defendant Matthews International Corporation's Motion for Summary Judgment, Dkt. No. 33, is **DENIED**.

IT IS SO ORDERED this 28th day of September, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Joseph L. Luvara
DICKIE, MCCAMEY & CHILCOTE, P.C.
jluvara@dmclaw.com

Kaleel Mose Ellis, III
ELLIS LAW OFFICE
elo9000@aol.com

Grant Edward Rhoten
ELLIS LAW OFFICES
ELO9000@aol.com

Erin A. Clancy
KIGHTLINGER & GRAY
eclancy@k-glaw.com

Tyler Akers
KIGHTLINGER & GRAY
takers@k-glaw.com